IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **COURTNEY ROBINSON**,<br><br>   Plaintiff,<br><br>v.<br><br>**KARISMA RESORTS DE MÉXICO, S.A. DE C.V., A FOREIGN CORPORATION, d/b/a/ KARISMA HOTELS AND RESORTS, VIAJES TURQUESA DEL CARIBE MEXICANO, S.A. DE C.V., A FOREIGN CORPORATION, d/b/a/ LOMAS TRAVEL, KARISMA HOTELS & RESORTS CORPORATION, LTD., A FOREIGN CORPORATION, AND PREMIER WORLDWIDE MARKETING, LLC,**<br><br>   Defendants. | No.: |

**COMPLAINT**

Plaintiff, COURTNEY ROBINSON, by and through her attorneys, Breen Goril Law, complaining of the Defendants, KARISMA RESORTS DE MÉXICO, S.A. DE C.V., A FOREIGN CORPORATION, d/b/a/ KARISMA HOTELS AND RESORTS ("Karisma Resorts de Mexico"), VIAJES TURQUESA DEL CARIBE MEXICANO, S.A. DE C.V., A FOREIGN CORPORATION, d/b/a/ LOMAS TRAVEL ("Lomas Travel"), KARISMA HOTELS & RESORTS CORPORATION, LTD., A FOREIGN CORPORATION ("Karisma Hotels"), and PREMIER WORLDWIDE MARKETING, LLC, states:

**JURISDICTION AND VENUE**

1. This Court has personal jurisdiction over Defendant Karisma Resorts de Mexico because Defendant purposely avails itself to business transactions within this Court's jurisdiction through Karisma's interactive website.

2. This Court has personal jurisdiction over Lomas Travel because Defendant Lomas Travel purposely avails itself to business transactions within this Court's jurisdiction through Lomas Travel's interactive website.

3. This Court has personal jurisdiction over Karisma Hotels because Defendant Karisma Hotels purposely avails itself to business transactions within this Court's jurisdiction through Karisma Hotel's interactive website.

4. This Court has jurisdiction over this dispute under 28 U.S.C. § 1332. There is complete diversity of citizenship between the Plaintiff and Defendant in this case. The amount in dispute in this action, exclusive of interest and costs, exceeds the sum of $75,000.

5. Venue in this district is proper under 28 U.S.C. § 1391(b) and (c). Defendant has, on a continual basis, conducted business interactions purposefully directed towards residents of said District including actively soliciting sales through its website directed into the District.

**THE PARTIES**

6. Plaintiff, Courtney Robinson, is an individual residing in Chicago, Illinois and a citizen of the state of Illinois. Plaintiff was employed by the City of Chicago's police department at the time of the incident.

7. Defendant Karisma Resorts de Mexico is incorporated under the laws of Mexico and has its principal place of business in Mexico. Karisma Resorts de Mexico owns and manages a large collection of luxury hotels and resorts throughout Latin America and the Caribbean, including Generations Riviera Maya Resort in Cancun, Mexico.

8. Defendant Lomas Travel is incorporated under the laws of Mexico and has its principal place of business in Mexico. Lomas Travel is a Mexican tourism company that owns and operates a variety of luxury hotels and resorts throughout Latin America and the Caribbean, including Generations Riviera Maya Resort in Cancun, Mexico.

9. Defendant Karisma Hotels is incorporated under the laws of the British Virgin Islands and has its principal place of business in Mexico. Karisma Hotels owns and manages a large collection of luxury hotels and resorts throughout Latin America and the Caribbean, including Generations Riviera Maya Resort in Cancun, Mexico.

10. Defendant Premier Worldwide Marketing, LLC is incorporated in Florida, U.S.A. Premier Worldwide Marketing, LLC is the exclusive sales and marketing company for Karisma Hotels and Resorts. Premier Worldwide Marketing, LLC exists for the financial benefit of Karisma Hotels and Resorts.

**FACTS**

11. On or about October 18, 2021, and at all times relevant, Defendant Karmisa Resorts de Mexico owned, operated, maintained, or managed Generations Riviera Maya, an all-inclusive resort, located at Carretera Cancún – Tulum, km 45, Riviera Maya, Quintana Roo, Mexico C.P. 77710 ("premises").

12. On or about October 18, 2021, and at all times relevant, Defendant Lomas Travel owned, operated, maintained, or managed Generations Riviera Maya, an all-inclusive resort, located at Carretera Cancún – Tulum, km 45, Riviera Maya, Quintana Roo, Mexico C.P. 77710 ("premises").

13. On or about October 18, 2021, and at all times relevant, Defendant Karisma Hotels owned, operated, maintained, or managed Generations Riviera Maya, an all-inclusive

resort, located at Carretera Cancún – Tulum, km 45, Riviera Maya, Quintana Roo, Mexico C.P. 77710 ("premises").

14. On or about August 7, 2020, Plaintiff reserved a room from October 18, 2021 to October 21, 2021.

15. The Plaintiff made the reservation referenced in Paragraph 14 from her residence in Chicago, IL.

16. The Defendant's reservation availability was marketed to the Plaintiff by its website and other advertising intended to solicit the Plaintiff and induce her to purchase a reservation with the Defendant from her location in Chicago, IL. In inducing the Plaintiff to purchase a reservation and travel to their premises, the Defendants held their premises out as safe to the Plaintiff.

17. Plaintiff's reserved room included a patio that could be accessed through a sliding glass door with a large metal hook, purposes of which are unknown at this time.

18. On or about October 18, 2021, Plaintiff was lawfully on the premises of Generations Riviera Maya Resort as a guest.

19. At all times relevant, Plaintiff, Courtney Robinson, exercised due care for her safety and the safety of others.

### COUNT I– NEGLIGENCE – KARISMA RESORTS DE MEXICO

1-19. The Plaintiff realleges and incorporates by reference allegations in paragraphs one through nineteen of "Facts" as paragraphs one through sixteen of this Count I.

20. At all times relevant, Defendant Karisma Resorts de Mexico by and through its agents and employees, owed Plaintiff and others like her a duty of ordinary care to ensure the safety of guests on the Generations Riviera Maya Resort's premises.

21. Defendant Karisma Resorts de Mexico by and through its agents and employees, breached its duty to Plaintiff by committing one or more of the following negligent acts or omissions:

    (a) Failed to instruct agents and employees to constantly monitor the premises for potentially dangerous conditions that could pose a substantial risk of harm to guests;

    (b) Failed to train agents and employees on appropriate maintenance protocols to ensure the safety of guests;

    (c) Failed to implement guidelines for agents and employees to follow in order to make timely improvement to potential dangerous conditions before guests entered the premises;

    (d) Failed to maintain the premises in a safe, suitable manner for all guests; and

    (e) Negligently disregarded its duty of care to Plaintiff by allowing Plaintiff to take occupancy of a room with potentially dangerous conditions.

22. As a direct and proximate result of the stated negligent acts or omissions, the sliding glass door on the premises trapped Plaintiff's hand and amputated her finger.

23. As a result, Plaintiff sustained injuries of a personal, permanent, and pecuniary nature.

WHEREFORE, Plaintiff, COURTNEY ROBINSON, by and through her attorneys, BREEN GORIL LAW, demands a judgement against Defendant KARISMA RESORTS DE MÉXICO, S.A. de C.V., A FOREIGN CORPORATION, d/b/a/ KARISMA HOTELS AND RESORTS in an amount exceeding SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), plus the costs of this litigation, and any other relief this Court deems proper.

**COUNT II – PREMISES LIABILITY – KARISMA RESORTS DE MEXICO**

1-19. The Plaintiff realleges and incorporates by reference allegations in paragraphs one through nineteen of "Facts" as paragraphs one through sixteen of this Count II.

20. At all times relevant, Defendant Karisma Resorts de Mexico, by and through its agents and employees, owed Plaintiff and others like her a duty of ordinary care to ensure Generations Riviera Maya Resort's premises were safe for guests.

21. Defendant Karisma Resorts de Mexico, by and through its agents and employees, breached its duty to Plaintiff by committing one or more of the following negligent acts or omissions:

    (a) Allowed the door handle to exist in such a state as to trap Plaintiff's hand and amputate her finger;

    (b) Failed to provide Plaintiff any warning regarding the dangerous condition in her room; and

    (c) Placed Plaintiff in a room with a dangerous condition when Defendant knew or should have known of said condition.

22. As a direct and proximate result of the stated negligent acts or omissions, the sliding glass door on the premises trapped Plaintiff's hand and amputated her finger.

23. As a result, Plaintiff sustained injuries of a personal, permanent, and pecuniary nature.

WHEREFORE, Plaintiff, COURTNEY ROBINSON, by and through her attorneys, BREEN GORIL LAW, demands a judgement against Defendant KARISMA RESORTS DE MÉXICO, S.A. de C.V., A FOREIGN CORPORATION, d/b/a/ KARISMA HOTELS AND RESORTS in an amount exceeding SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), plus the costs of this litigation, and any other relief this Court deems proper.

### COUNT III – NEGLIGENCE – LOMAS TRAVEL

1-19. The Plaintiff realleges and incorporates by reference allegations in paragraphs one through nineteen of "Facts" as paragraphs one through sixteen of this Count III.

20. At all times relevant, Defendant Lomas Travel, by and through its agents and employees, owed Plaintiff and others like her a duty of ordinary care to ensure the safety of guests on the Generations Riviera Maya Resort's premises.

21. Defendant Lomas Travel, by and through its agents and employees, breached its duty to Plaintiff by committing one or more of the following negligent acts or omissions:

    (a) Failed to instruct agents and employees to constantly monitor the premises for potentially dangerous conditions that could pose a substantial risk of harm to guests;

    (b) Failed to train agents and employees on appropriate maintenance protocols to ensure the safety of guests;

    (c) Failed to implement guidelines for agents and employees to follow in order to make timely improvement to potential dangerous conditions before guests entered the premises;

    (d) Failed to maintain the premises in a safe, suitable manner for all guests; and

    (e) Negligently disregarded its duty of care to Plaintiff by allowing Plaintiff to take occupancy of a room with potentially dangerous conditions.

22. As a direct and proximate result of the stated negligent acts or omissions, the sliding glass door on the premises trapped Plaintiff's hand and amputated her finger.

23. As a result, Plaintiff sustained injuries of a personal, permanent, and pecuniary nature.

WHEREFORE, Plaintiff, COURTNEY ROBINSON, by and through her attorneys, BREEN GORIL LAW, demands a judgement against Defendant VIAJES TURQUESA DEL CARIBE MEXICANO, S.A. DE C.V., A FOREIGN CORPORATION, d/b/a/ LOMAS TRAVEL in an amount exceeding SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), plus the costs of this litigation, and any other relief this Court deems proper.

### COUNT IV – PREMISES LIABILITY – LOMAS TRAVEL

1-19. The Plaintiff realleges and incorporates by reference allegations in paragraphs one through nineteen of "Facts" as paragraphs one through sixteen of this Count IV.

20. At all times relevant, Defendant Lomas Travel, by and through its agents and employees, owed Plaintiff and others like her a duty of ordinary care to ensure Generations Riviera Maya Resort's premises were safe for guests.

21. Defendant Lomas Travel, by and through its agents and employees, breached its duty to Plaintiff by committing one or more of the following negligent acts or omissions:

    (a) Allowed the door handle to exist in such a state as to trap Plaintiff's hand and amputate her finger;

    (b) Failed to provide Plaintiff any warning regarding the dangerous condition in her room; and

    (c) Placed Plaintiff in a room with a dangerous condition when Defendant knew or should have known of said condition.

22. As a direct and proximate result of the stated negligent acts or omissions, the sliding glass door on the premises trapped Plaintiff's hand and amputated her finger.

23. As a result, Plaintiff sustained injuries of a personal, permanent, and pecuniary nature.

WHEREFORE, Plaintiff, COURTNEY ROBINSON, by and through her attorneys, BREEN GORIL LAW, demands a judgement against Defendant VIAJES TURQUESA DEL CARIBE MEXICANO, S.A. DE C.V., A FOREIGN CORPORATION, d/b/a/ LOMAS TRAVEL in an amount exceeding SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), plus the costs of this litigation, and any other relief this Court deems proper.

### **COUNT V – NEGLIGENCE – KARISMA HOTELS**

1-19. The Plaintiff realleges and incorporates by reference allegations in paragraphs one through nineteen of "Facts" as paragraphs one through sixteen of this Count V.

20. At all times relevant, Defendant Karisma Hotels, by and through its agents and employees, owed Plaintiff and others like her a duty of ordinary care to ensure the safety of guests on the Generations Riviera Maya Resort's premises.

21. Defendant Karisma Hotels, by and through its agents and employees, breached its duty to Plaintiff by committing one or more of the following negligent acts or omissions:

    (a) Failed to instruct agents and employees to constantly monitor the premises for potentially dangerous conditions that could pose a substantial risk of harm to guests;

    (b) Failed to train agents and employees on appropriate maintenance protocols to ensure the safety of guests;

    (c) Failed to implement guidelines for agents and employees to follow in order to make timely improvement to potential dangerous conditions before guests entered the premises;

    (d) Failed to maintain the premises in a safe, suitable manner for all guests; and

    (e) Negligently disregarded its duty of care to Plaintiff by allowing Plaintiff to take occupancy of a room with potentially dangerous conditions.

22. As a direct and proximate result of the stated negligent acts or omissions, the sliding glass door on the premises trapped Plaintiff's hand and amputated her finger.

23. As a result, Plaintiff sustained injuries of a personal, permanent, and pecuniary nature.

WHEREFORE, Plaintiff, COURTNEY ROBINSON, by and through her attorneys, BREEN GORIL LAW, demands a judgement against Defendant KARISMA HOTELS & RESORTS CORPORATION, LTD., A FOREIGN CORPORATION in an amount exceeding SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), plus the costs of this litigation, and any other relief this Court deems proper.

### **COUNT VI – PREMISES LIABILITY – KARSIMA HOTELS**

1-19. The Plaintiff realleges and incorporates by reference allegations in paragraphs one through nineteen of "Facts" as paragraphs one through sixteen of this Count VI.

20. At all times relevant, Defendant Karisma Hotels, by and through its agents and employees, owed Plaintiff and others like her a duty of ordinary care to ensure Generations Riviera Maya Resort's premises were safe for guests.

21. Defendant Karisma Hotels, by and through its agents and employees, breached its duty to Plaintiff by committing one or more of the following negligent acts or omissions:

    (a) Allowed the door handle to exist in such a state as to trap Plaintiff's hand and amputate her finger;

    (b) Failed to provide Plaintiff any warning regarding the dangerous condition in her room; and

    (c) Placed Plaintiff in a room with a dangerous condition when Defendant knew or should have known of said condition.

22. As a direct and proximate result of the stated negligent acts or omissions, the sliding glass door on the premises trapped Plaintiff's hand and amputated her finger.

23. As a result, Plaintiff sustained injuries of a personal, permanent, and pecuniary nature.

WHEREFORE, Plaintiff, COURTNEY ROBINSON, by and through her attorneys, BREEN GORIL LAW, demands a judgement against Defendant KARISMA HOTELS & RESORTS CORPORATION, LTD., A FOREIGN CORPORATION in an amount exceeding SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), plus the costs of this litigation, and any other relief this Court deems proper.

**COUNT VII – NEGLIGENCE – PREMIER WORLDWIDE MARKETING LLC**

1-19. The Plaintiff realleges and incorporates by reference allegations in paragraphs one through sixteen of "Facts" as paragraphs one through sixteen of this Count VII.

20. At all times relevant, Defendant Premier Worldwide Marketing, LLC, by and through its agents and employees, owed Plaintiff and others like her a duty of

ordinary care to ensure the safety of guests on the Generations Riviera Maya Resort's premises.

21. Defendant Premier Worldwide Marketing, LLC, by and through its agents and employees, breached its duty to Plaintiff by committing one or more of the following negligent acts or omissions:

    (a) Failed to instruct agents and employees to constantly monitor the premises for potentially dangerous conditions that could pose a substantial risk of harm to guests;

    (b) Failed to train agents and employees on appropriate maintenance protocols to ensure the safety of guests;

    (c) Failed to implement guidelines for agents and employees to follow in order to make timely improvement to potential dangerous conditions before guests entered the premises;

    (d) Failed to maintain the premises in a safe, suitable manner for all guests; and

    (e) Negligently disregarded its duty of care to Plaintiff by allowing Plaintiff to take occupancy of a room with potentially dangerous conditions.

22. As a direct and proximate result of the stated negligent acts or omissions, the sliding glass door on the premises trapped Plaintiff's hand and amputated her finger.

23. As a result, Plaintiff sustained injuries of a personal, permanent, and pecuniary nature.

WHEREFORE, Plaintiff, COURTNEY ROBINSON, by and through her attorneys, BREEN GORIL LAW, demands a judgement against Defendant PREMIER WORLDWIDE MARKETING, LLC in an amount exceeding SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), plus the costs of this litigation, and any other relief this Court deems proper.

**COUNT VIII – PREMISES LIABILITY**
**PREMIER WORLDWIDE MARKETING LLC**

1-19. The Plaintiff realleges and incorporates by reference allegations in paragraphs one through nineteen of "Facts" as paragraphs one through sixteen of this Count VIII.

20. At all times relevant, Defendant Premier Worldwide Marketing, LLC, by and through its agents and employees, owed Plaintiff and others like her a duty of ordinary care to ensure Generations Riviera Maya Resort's premises were safe for guests.

21. Defendant Premier Worldwide Marketing, LLC, by and through its agents and employees, breached its duty to Plaintiff by committing one or more of the following negligent acts or omissions:

    (a) Allowed the door handle to exist in such a state as to trap Plaintiff's hand and amputate her finger;

    (b) Failed to provide Plaintiff any warning regarding the dangerous condition in her room; and

    (c) Placed Plaintiff in a room with a dangerous condition when Defendant knew or should have known of said condition.

22. As a direct and proximate result of the stated negligent acts or omissions, the sliding glass door on the premises trapped Plaintiff's hand and amputated her finger.

23. As a result, Plaintiff sustained injuries of a personal, permanent, and pecuniary nature.

WHEREFORE, Plaintiff, COURTNEY ROBINSON, by and through her attorneys, BREEN GORIL LAW, demands a judgement against Defendant PREMIER WORLDWIDE MARKETING, LLC in an amount exceeding SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), plus the costs of this litigation, and any other relief this Court deems proper.

                                               Respectfully Submitted,
                                               Breen Goril Law

                                               _____
                                               Daniel M. Breen

Breen Goril Law
111 W. Washington St., Suite 1500
Chicago, IL 60602
312-726-8222
admin@breenlawchicago.com